# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

|  |  |
|---|---|
| Scott Warrington, | : |
|  | : |
| Plaintiff, | : Civil Action No.: 2:13-cv-00497 |
| v. | : |
|  | : |
| Consumer United, LLC; and DOES 1-10, inclusive, | : **COMPLAINT AND** |
|  | : **DEMAND FOR JURY TRIAL** |
| Defendants. | : |
|  | : |

For this Complaint, the Plaintiff, Scott Warrington, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3.      The Plaintiff, Scott Warrington ("Plaintiff"), is an adult individual residing in Plymouth, Wisconsin and is a "person" as defined by 47 U.S.C. § 153(10).

4.      Defendant Consumer United, LLC ("Consumer" or "Defendants"), is a Massachusetts business entity with an address of 31 St. James Avenue, 4th Floor, Boston, Massachusetts 02116, and is a "person" as defined by 47 U.S.C. § 153(10).

5.      Does 1-10 (the "Collectors") are individual agents employed by Consumer and whose identities are currently unknown to the Plaintiff.  One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6.      Consumer at all times acted by and through one or more of the Agents.

## **FACTS**

7.      In early April 2013, Consumer began calling Plaintiff's cellular telephone.

8.      At all times referenced herein, Consumer placed calls to Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS") and/or by using an artificial or prerecorded voice.

9.      The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

10.     Defendants' ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

11.     When Plaintiff answered the calls from Consumer, he heard a short period of silence and there was not a live person to whom Plaintiff could speak.

12.     Plaintiff has no prior business relationship with Defendants and never provided Defendants with his telephone number or contact information.

13.     Plaintiff never requested to Defendants either by agreement or otherwise that he be contacted.

14.     Plaintiff's telephone number is on the National Do Not Call Registry.

15.      On approximately 3 occasions, Plaintiff returned calls to Consumer and directed Defendants to remove his telephone number from their database and cease all communications with him.

2

16.     Despite being instructed by Plaintiff not to call, Defendants thereafter continued to place calls to Plaintiff's cellular telephone placing up to two calls on a daily basis.

17.     The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

18.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19.     Without prior consent the Defendants contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

20.     Defendants placed calls to Plaintiff's cellular telephone using prerecorded voice knowing that it lacked consent to call his number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

21.     As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

3

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 3, 2013

Respectfully submitted,

By /s/ Amy L. Cueller

Amy L. Cueller, Esq.. #15052-49
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
E-Mail: acueller@lemberglaw.com
Attorneys for Plaintiff